UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

DALE TUDJAN by his Guardians Ad Litem,
DEAN TUDJAN and MILT VUKMIR,

        Plaintiff,
v.

WISCONSIN DEPARTMENT OF HEALTH AND
FAMILY SERVICES, and
UNITED GOVERNMENT SERVICES, LLC,

        Involuntary Plaintiffs,
v.                                     Case No. 05-CV-970

BADGER EQUIPMENT COMPANY, INC., a
subsidiary of AVIS INDUSTRIAL CORPORATION,
STEADFAST INSURANCE COMPANY and
FIRST SPECIALITY INSURANCE COMPANY,

        Defendants.
_____

## ORDER

On September 12, 2005, plaintiff Dale Tudjan ("Tudjan"), by and through his permanent co-Guardians ad Litem, Dean Tudjan and Milt Vukmir, filed this products liability and personal injury action against Badger Equipment Company, Inc. ("Badger Equipment), Steadfast Insurance Company, and First Speciality Insurance Company.[1] On October 19, 2005, the State of Wisconsin filed a statement of law declaring itself to be a real party in interest for paying medical services rendered to

---

[1] Pursuant to a stipulation filed by the parties on April 28, 2008, Steadfast Insurance Company was dismissed from this action. Steadfast is the insurer of Badger Equipment; First Speciality is the insurer in excess of Badger Equipment.

Tudjan as a result of his injuries. See 42 U.S.C. § 1395 *et seq.* Presently before the court is the defendants' motion for partial summary judgment.

## BACKGROUND

On August 13, 2004, Tudjan was riding his bicycle on the shoulder of Highway 45 near Bristol, Wisconsin. (Proposed Findings ¶ 7.) He was struck by a Cruz-Air Model 1085C excavator manufactured by Badger Equipment and operated by William Prescott, an employee of Kenosha County. (Proposed Findings ¶¶ 7-8.) The impact occurred to the right of the fog line, and Prescott was charged and convicted for a violation of Wis. Stat. § 346.075(1), Overtaking and Passing Bicycles. Prescott was also disciplined by his employer, Kenosha County.

Tudjan's amended complaint alleges product liability claims stemming from negligence and strict liability. Tudjan alleges that Badger Equipment is strictly liable because the Cruz-Air was in a defective and unreasonably dangerous condition at the time it was sold. Tudjan also alleges Badger Equipment failed to supply any warning as to the Cruz-Air's defective condition when it knew or should have known of the defect. (Proposed Findings ¶ 14.) This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, and venue is proper in the Eastern District of Wisconsin as the claims occurred in Kenosha County, Wisconsin.

## ANALYSIS

The defendants brings this motion under Rule 56(c) of the Federal Rules of Civil Procedure. Rule 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). Defendants move the court for partial summary judgment and seek an order eliminating their liability for the portion of Tudjan's claim that was caused by the negligence of Prescott and Kenosha County. Defendants argue that Prescott and Kenosha County's Pierringer release precludes recovery from that portion of Tudjan's claim caused by the negligence of these settling tort-feasors. *See Pierringer v. Hoger*, 21 Wis. 2d 182, 124 N.W.2d 106 (Wis. 1963). Tudjan argues this motion should be denied because the agreement signed with Prescott and Kenosha County did not satisfy the necessary requirements to be considered a Pierringer release.

In *Pierringer*, the Wisconsin Supreme Court held that a settling tort-feasor in a multi-defendant case may be released from all future liability and could not be made a party-defendant in any action brought against the non-settling tort-feasors. *Pierringer,* 21 Wis. 2d at 191-192, 124 N.W.2d at 111-112. Furthermore, a Pierringer release limits the plaintiff's recovery to the unsatisfied portion of the damages; that is, the portion attributable to the non-settling tort-feasors. *Id*; *see also Siler v. Northern Trust Co., Inc.,* 80 F. Supp. 2d 906, 908-09 (N.D. Ill. 2000). Stated another way, a Pierringer release allows for "piecemeal settlement of multi-defendant lawsuits" . . . and permits a plaintiff to "settle its case with fewer than all of the defendants without releasing its claims against the non-settling defendant" *Siler*, 80 F. Supp. 2d at 908-09.

Three elements must be satisfied for a valid Pierringer release: (1) complete release of the settling defendant by the plaintiff; (2) the plaintiff's express reservation for claims against any remaining and non-settling defendants; and (3) the plaintiff must agree to indemnify the settling defendant against claims for contribution or indemnification. *Id.* at 909; *see also Fleming v. Threshermen's Mut. Ins. Co.*, 131 Wis. 2d 12, 131, 388 N.W.2d 908, 911 (Wis. 1986) (holding that Pierringer principles apply to action for indemnity as well as actions for contribution). The Wisconsin Supreme Court has held that "a Pierringer release operates to impute to the plaintiff whatever liability in contribution or indemnity the settling joint tort-feasor may have to the non-settling joint tort-feasor." *Brandner by Brandner v. Allstate Ins. Co.*, 181 Wis. 2d 1058, 1077, 512 N.W.2d 753, 762 (Wis. 1994). "Simply put, because the Pierringer release protects a settling defendant from contribution or indemnification claims of nonparty tort-feasors, the settling defendant's own claims for contribution or indemnification against nonparty tort-feasors are likewise barred." *Unigard Ins. Co. v. Insurance Co. of North America*, 184 Wis. 2d 78, 87-88, 516 N.W.2d 762, 766 (Wis. Ct. App. 1994).

The court will begin by analyzing the actual release signed by Tudjan, Prescott, and Kenosha County, attached as Exhibit 1 to defendant's brief in support of partial summary judgment, paying particular attention to the three requirements discussed above. (*See* Exh. 1.) First, the release is entitled "PIERRINGER RELEASE AND SETTLEMENT AGREEMENT." Although this alone does not satisfy the requirements, it appears, on its face, to be a standard Pierringer release. *See*

*Jackson v. Ozaukee County*, 111 Wis. 2d 462, 465, 331 N.W.2d 338, 341 (Wis. 1983).

Next, Tudjan's signing of this agreement appears to completely release Prescott and Kenosha County. Indeed, at page 2 of the agreement it states, "in consideration of the payment of Fifty Thousand Dollars ($50,000.00), the receipt and sufficiency of which Dale S. Tudjan, by and through his guardians acknowledges, *he fully and forever releases and discharges* Kenosha County, William S. Prescott, and their insurer Wisconsin Municipal Mutual Insurance Company . . . ." (Exh. 1) (emphasis added). This language unequivocally releases the signing defendants from future claims relating to this incident.

The agreement also expressly reserves Tudjan's right to files claims against other potential tort-feasors. The agreement expressly states, "all claims against any other persons are reserved." (Exh. 2.) Finally, the agreement includes indemnification of the settling defendant against claims for contribution or indemnification. Regarding indemnification, the agreement states in relevant part:

> [i]t is Tudjan's intention to protect the released parties from any and all such claims for contribution, indemnification, subrogation or in any way arising out of damages and losses sustained by him from the incident referred to above. Tudjan agrees to indemnify the released parties and save them harmless from any and all further liability, losses, damages, and expenses in any way arising out of claims or damages he has arising out of the incident described above and this includes any and all expenses incurred by the released parties in defending such claims.

(Exh. 3.) On its face, the agreement appears to satisfy all of the requisite requirements for valid Pierringer releases. *Siler*, 850 F. Supp. 2d at 909.

-5-

Case 2:05-cv-00970-JPS   Filed 08/19/08   Page 5 of 8   Document 71

Tudjan argues that the agreement signed by him, Prescott, and Kenosha County was a "modified" Pierringer release in that it did not affect the remaining defendant's right to contribution. Tudjan also argues that granting the defendant's partial summary judgment motion would constitute a prohibited advisory opinion prior to any jury verdict.

Tudjan's argument that the Pierringer is a "modified" or "partial" or even invalid Pierringer release is wholly without merit. As the court discussed above, the agreement set forth every requirement for a valid Pierringer release, and it absolutely affected the settling tort-feasor's right to contribution. This is true even if the amount Tudjan settled for, $50,000, was the most he could get pursuant to the statute. See Wis. Stat. § 893.83(3) (stating "the amount recoverable by any person for any damages, injuries or death in any action founded on tort against any. . . governmental subdivision or . . . their. . . employees for acts done. . . in the course of their agency or employment, whether proceeded against jointly or severally, shall not exceed $50,000"). The Wisconsin Supreme Court has held that where damages are limited by statute and a party enters into a Pierringer release with a governmental entity, he is essentially agreeing to accept a lesser amount in damages, yet still releases the defendant from future claims or contribution in the future. *VanCleve v. City of Marinette,* 258 Wis. 2d 80, 98, 655 N.W.2d 113, 122 (Wis. 2003). Therefore, it is irrelevant if the statutory limit was $50,000, as the plaintiffs argue, or $250,000, as the defendants argue; the Pierringer release is valid and controlling, and effectively serves as Tudjan's absolute repose of any future

-6-

Case 2:05-cv-00970-JPS   Filed 08/19/08   Page 6 of 8   Document 71

claims against Prescott or Kenosha County. *See id; see also* Wis. Stat. §§ 345.05 and 893.80(3).

However, in spite of a valid Pierringer release, the court is unable to "[dismiss] the portion of the claims which was caused by the negligence of Mr. Prescott and Kenosha County" as the defendants request. Prior to an actual determination of negligence at trial, the only certainty is that all of the negligence will equal 100%; beyond that, there are no definitive answers as to the blame to be apportioned to the defendants. *Unigard Ins. Co.*, 184 Wis. 2d at 84, 516 N.W.2d at 765. "Under Wisconsin comparative negligence law, it is required that the degree of negligence of both party and nonparty tort-feasors be determined in a negligence action." *Id.* Although neither Prescott nor Kenosha County are parties to this suit, the percentage of negligence attributable to them still remains a question that must be answered by the jury. The court is not in a position to ascertain the portion of the claims caused by their negligence with; indeed that is the purpose of a jury trial. Until the percentage of fault is assessed, it is inappropriate to dismiss the portion of the claim attributable to Prescott and Kenosha County because that determination involves material and disputed facts. Whatever that percentage is determined to be at trial, it is clear that the Pierringer release would impute that amount to Tudjan and prevent any other culpable parties from seeking contribution. However, those are matters that can be appropriately addressed during trial and through post-verdict motions.

Accordingly,

**IT IS ORDERED** that the defendants motion for partial summary judgment (Docket #54) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the defendant's motion to strike plaintiff's second response to the defendant's reply (Docket #65) be and the same is hereby **DENIED** as moot;

**IT IS FURTHER ORDERED** that the defendant's motion for leave to file a reply brief (Docket #69) be and the same is hereby **DENIED** as moot.

Dated at Milwaukee, Wisconsin, this 19th day of August, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge